No. 653

JOHN J. LENTZ v. ALTA F. LENTZ

No. 18692. Supreme Court

ON MOTION TO CERTIFY RECORD

Franklin Appeals. Docketed July 7, 1924. 2 Abs. 452; OA. op. 2 Abs. 583. Motion to cer. overruled. 2 Abs.

**561. DIVORCE AND ALIMONY—Appealability of case.**

In May, 1921, John J. Lentz obtained a divorce from his wife, Alta, in the Franklin Common Pleas, the decree being granted upon aggression of the wife and without alimony, but she having certain property rights, the court protected her by awarding

to her $10,000, to be paid to her by him in cash, the decree afterwards being modified to make it $2500 cash and $2500 per year on the 31st of May for three years. She was ordered to turn over the home, with practicolly all the furnishings to Mr. Lentz. The custody of the minor son was divided between them, each to have the child six months, with right of visitation.

When the decree was modified, she represented to the court that it would not be possible for her to provide a home for herself and the boy, so as to allow the father to visit him, unless she was given an additional allowance, to do so with, and the court added $2500 to be provided by the husband, to be paid by Lentz at once in cash. This was paid by him, but she took the money to her own use, and the boy, and left the jurisdiction of the court. When he discovered this he filed an action in the Common Pleas, alleging the departure, and wrongfully and without his knowledge or that of the court and took from the house a large part of the property awarded to him by the court, valued at $7500, and shipped it out of the state, and out of the jurisdiction of the court. He also asked that the divorce decree be opened up, so as to allow him to be credited with the value.

She resisted, maintaining among other things, that if the originol decree was to be disturbed, the whole must be opened up, for a rehearing, including the divorce, the custody and the alimony. The court declined to consider this contention; found that the value of the goods appropriated was $2800, and directed that he be allowed a credit of that sum with interest and that she be restrained from collecting the judgment as to this amount. From this opinion he appealed to the Franklin Court notof Appeals. She, claiming that the cause was not appealable, filed a motion to dismiss the appeal, which was sustained, and the appeal dismissed. This order the Supreme Court is asked to review.

The only question presented is whether the action of the Common Pleas in dismissing the appeal was erroneous, and should be reversed. It was the contention of her counsel that she was entitled to a jury, and the Court of Appeals so held. But he argues that this not being an action for the recovery of money only, or specific real or personal property, no right to demand a jury trial existed under 11379 GC. As to her waiver of a jury see appeals opinion ante page 583.

NOTE—Another action concerning the custody of the child reached the Franklin Appeals, 1 Abs. 816, but has no bearing on above case.

Attorneys—J. D. Karns and Williams, Sinks & Williams, for Mr. Lentz; C. M. Addison, for Mrs. Lentz; all of Columbus.